UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LABOR RELATIONS DIVISION OF CONSTRUCTION INDUSTRIES OF )
MASSACHUSETTS; ASSOCIATED GENERAL CONTRACTORS' )
LABOR RELATIONS DIVISION; BUILDING TRADES EMPLOYERS' )
ASSOCIATION OF BOSTON AND EASTERN MASSACHUSETTS; NEW )
ENGLAND MECHANICAL CONTRACTORS' ASSOCIATION; BOSTON )
CHAPTER, NATIONAL ELECTRICAL CONTRACTORS' ASSOCIATION; )
AND PLUMBING-HEATING-COOLING CONTRACTORS' ASSOCIATION )
OF GREATER BOSTON, )
    Petitioners, )
 )
V. )
 )
COMMONWEALTH OF MASSACHUSETTS, )
OFFICE OF THE ATTORNEY GENERAL, )
    Defendant. )

## PETITION FOR DECLARATORY RELIEF

### INTRODUCTION

This Petition is being brought pursuant to 28 U.S.C. §2201 against the Office of the Attorney General for the Commonwealth of Massachusetts, pursuant to Federal Rules of Civil Procedure Rule 57.

### JURISDICTION

1. This Court has subject matter jurisdiction to hear and decide this action under 28 U.S.C. §1331.

### PARTIES

2. The Petitioner, Labor Relations Division of Construction Industries of Massachusetts, 1661 Worcester Road, Suite 403, Framingham, MA 01701 is an employer association comprised

of multiple members, all of whom are contractors in the construction industry and all of whom are signatory to various collective bargaining agreements with various building trade unions.

3. The Petitioner, Associated General Contractors of Massachusetts' Labor Relations Division, 888 Worcester Street, Wellesley, MA 02482 is an employer association comprised of multiple members, all of whom are contractors in the construction industry and all of whom are signatory to various collective bargaining agreements with various building trade unions.

4. The Petitioner, Building Trades Employers' Association of Boston and Eastern Massachusetts, 100 Grossman Drive, Suite 300, Braintree, MA 02184 is an employer association comprised of multiple members, all of whom are contractors in the construction industry and all of whom are signatory to various collective bargaining agreements with various building trade unions.

5. The Petitioner, New England Mechanical Contractors' Association, 1226 Furnace Brook Parkway, Suite 201, Quincy, MA 02169 is an employer association comprised of multiple members, all of whom are contractors in the construction industry and all of whom are signatory to various collective bargaining agreements with various building trade unions.

6. The Petitioner, Boston Chapter of the National Electrical Contractors' Association, 106 River Street, West Newton, MA 02465 is an employer association comprised of multiple members, all of whom are contractors in the construction industry and all of whom are signatory to various collective bargaining agreements with various building trade unions.

7. The Petitioner, Plumbing-Heating-Cooling Contractors' Association of Greater Boston, 5 Elm Street, Danvers, MA 01923, is an employer association comprised of multiple members, all of whom are contractors in the construction industry and all of whom are signatory to various collective bargaining agreements with various building trade unions.

8. For purposes of this Petition, the "Petitioners" shall refer to the individual contractor employers on whose behalf the Petitioner associations have brought this action.

9. On information and belief, the Defendant Commonwealth of Massachusetts, Office of the Attorney General, One Ashburton Place, Boston, MA 02108, hereinafter the "OAG," is a constitutionally-created public entity statutorily empowered under M.G.L. c. 149, §§§27C, 148C, and 150 to enforce civil penalties against employers deemed in violation of §148C, to grant private rights of actions to employees pursuing claims against their employers under §148C, and to establish regulations pertaining to §148C.

## FACTS

10. G.L. c.149, §148C is a Massachusetts statute that the voters of the Commonwealth approved on November 4, 2014, through a ballot question, and which goes into effect on July 1, 2015. Section 148C is a part of the Massachusetts Wage Act and is referred to as the Earned Sick Time Law, hereinafter the "Sick Time Law." The Sick Time Law allows any employee who performs services for an employer for wages, remuneration, or other compensation, to earn "sick time" at an accrual rate of one hour of sick time for every 30 hours worked. Employers who employ eleven or more employees must pay their employees for sick time taken at their regular rate of pay. Employees may use up to 40 hours of sick time in a calendar year and may carry over up to 40 hours of unused sick time to the next calendar year.

11. G.L. c. 149, §148C(a) states that earned sick time "is compensated at the same hourly rate as the employee earns from the employee's employment at the time the employee uses the paid sick time."

12. G.L. c.149, §148C(l) grants the OAG statutory authority to enforce §148C and subjects employers to civil penalties for violations of §148C, as outlined in G.L. c. 149, §27C(b).

13. G.L. c.149, §148C(l) allows the OAG to grant private rights of action, pursuant to c. 149, §150, to employees against their employers for violations of §148C.

14. G.L. c. 149, §148C(j) states that "nothing in this section shall be construed to diminish or impair the obligation of an employer to comply with any contract, collective bargaining agreement, or any employment benefit program or plan in effect on the effective date of this section that provides to employees greater earned sick time rights than the rights established under this section.

15. The Petitioners are signatory to collective bargaining agreements with various building trade unions.[1]

16. The Petitioners employ tens of thousands of workers who are covered by collective bargaining agreements with various building trade unions.[2]

17. All actions arising under G.L. c. 149, §148C are state law claims, whether the action is a civil enforcement action under c. 149, §27C or a private right of action under c. 149, §150.

18. Any and all state law claims brought under the Sick Time Law would require a determination of the "hourly rate" of a worker covered by a collective bargaining agreement which would necessitate an analysis and interpretation of the terms of the collective bargaining agreements made between the parties in a labor contract. All collective bargaining agreements

---

[1] Collectively, the Petitioners negotiate approximately 40 collective bargaining agreements with the following 14 trades: Laborers, Carpenters, Operating Engineers, Iron Workers, Cement Finishers, Teamsters, Electricians, Roofers, Sheet Metal Workers, Painters & Glaziers; Insulators, Pipefitters, Plumbers, and Sprinkler Fitters.

[2] See Footnote 1 above.

contain different hourly rates of pay that can vary depending upon: job classification, equipment used, location and time period of work performed.

19. G.L. c. 149, §148C(j) further necessitates an analysis and interpretation of the terms of the collective bargaining agreements made between the parties in a labor contract to determine whether the Sick Time Law "diminishes or impairs the obligations of an employer to comply with any contract, collective bargaining agreement, or any employment benefit program or plan….that provides to employees greater earned sick time rights."

20. Section 301 of the Labor Management Relations Act, 28 U.S.C. 185, provides that lawsuits for violations of labor agreements between employers and unions can be brought in federal court.

21. Section 301 of the Labor Management Relations Act, 28 U.S.C. 185, completely preempts a state law claim, "if the resolution of [the] state-law claim depends upon the meaning of a collective bargaining agreement."

## CAUSE OF ACTION

22. The Petitioners restate all of their allegations contained in paragraphs 1 through 21 as if more completely set forth herein.

23. The Petitioners are entitled to seek declaratory relief from this Court pursuant to 28 U.S.C. §2201.

24. The Petitioners are requesting that this Court issue a judgment declaring that Massachusetts General Law, chapter 149, §148C is preempted by Section 301 of the Labor Management Relations Act, 28 U.S.C. 185, and that therefore the OAG is precluded from granting any and all employees, who are members of collective bargaining units, a private right of action under sections G.L. c.149, §§148C and 150.

25.     The Petitioners are requesting that this Court issue a judgment declaring that Massachusetts General Law chapter 149, § 148C is preempted by Section 301 of the Labor Management Relations Act, 28 U.S.C. 185, and that therefore the OAG is precluded from enforcing the G.L. 149, §148C and enforcing civil sanctions pursuant to G.L c. 149, §27C against employers who are signatory to collective bargaining agreements.

Wherefore, the Petitioners respectfully request that:

1.     This Court issue a judgment declaring that the Massachusetts statute G.L. c. 149, §148C is preempted with respect to employers who are signatory to collective bargaining agreements.

2.     This Court issue a judgment prohibiting the Office of the Attorney General from:

   a. Granting private rights of action to employees who are members of collective bargaining units; and

   b. Enforcing civil sanctions pursuant to G.L. c. 149, §148C in conjunction with G.L. c. 149, §27C against employers who are signatory to collective bargaining agreements.

3.     Enter such other orders and such additional relief as the Court deems proper.

Respectfully submitted,
By their attorneys,
LABOR RELATIONS DIVISION OF CONSTRUCTION INDUSTRIES OF MASSACHUSETTS'; ASSOCIATED GENERAL CONTRACTORS' LABOR RELATIONS DIVISION; BUILDING TRADES EMPLOYERS' ASSOCIATION OF BOSTON AND EASTERN MASSACHUSETTS; NEW ENGLAND MECHANICAL CONTRACTORS' ASSOCIATION; BOSTON CHAPTER, NATIONAL ELECTRICAL CONTRACTORS' ASSOCIATION; AND PLUMBING-HEATING-COOLING CONTRACTORS' ASSOCIATION OF GREATER BOSTON,
By their attorney,

DATED: January 19, 2015   /s/ *Miranda S. Jones*
Miranda S. Jones – BBO 557803
James F. Grosso – BBO 213320
O'Reilly, Grosso & Gross, P.C.
1661 Worcester Road, Suite 403
Framingham, MA 01701
Tel: 508/620-0055
mjones@ogglaw.com
jgrosso@ogglaw.com