UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CIVIL ACTION NO. 15-10116-RWZ


LABOR RELATIONS DIVISION OF CONSTRUCTION
INDUSTRIES OF MASSACHUSETTS, *et al.*

v.

MAURA HEALEY, in her official capacity as
ATTORNEY GENERAL OF THE
COMMONWEALTH OF MASSACHUSETTS


ORDER

April 30, 2015

ZOBEL, D.J.

Plaintiffs, several employer associations, seek a declaratory judgment that Massachusetts' recently passed Earned Sick Time Law, Mass. St. 2014, c. 505, is preempted by Section 301 of the federal Labor Management Relations Act, 29 U.S.C. § 185(a). Defendant, the Commonwealth's Attorney General, has moved to dismiss. See Docket # 11. The Massachusetts AFL-CIO, the Service Employees State Council of Massachusetts of the Service Employees International Union, and Service Employees International Union Local 32BJ (the "Unions") seek to participate in the briefing on that motion as amici curiae. See Docket ## 15, 16. Anticipating the need to respond to those amicus briefs, plaintiffs seek leave to file a 40-page opposition to the motion two weeks later than otherwise required. See Docket ## 31, 32.

"[T]he acceptance of amicus briefs is within the sound discretion of the court." Strasser v. Doorley, 432 F.2d 567, 569 (1st Cir. 1970).  Courts in this circuit routinely accept amicus briefs if "the amicus has a special interest that justifies his having a say, or [if] the court feels that existing counsel may need supplementing assistance."  Id. But, if amici argue facts or merely duplicate the parties' arguments, courts are more hesitant to allow them to participate.  See id. ("[A]n amicus who argues facts should rarely be welcomed . . . ."); Nat'l Org. for Women, Inc. v. Scheidler, 223 F.3d 615, 617 (7th Cir. 2000) (amicus brief improper where it "merely duplicates the brief of one of the parties").  An amicus brief should, ideally, "inform the court of interests other than those represented by the parties, and . . . focus the court's attention on the broader implications of various possible rulings."  Bruce J. Ennis, Effective Amicus Briefs, 33 Cath. U. L. Rev. 603, 608 (1984); see also Ryan v. Commodity Futures Trading Comm'n, 125 F.3d 1062, 1063 (7th Cir. 1997) (leave to file amicus brief should be denied unless "the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide").

The proposed amicus briefs offered by the Unions are inappropriate because they seek to introduce new facts or rehash legal arguments presented in the Attorney General's memorandum.  For example, the Massachusetts AFL-CIO's brief includes a declaration attaching sixteen exhibits that challenge the veracity of facts alleged in plaintiffs' complaint.  Docket ## 18-29.  That is precisely the type of factual argument that the First Circuit deems inappropriate in amicus briefs.  When those exhibits are stripped away, the proposed amicus filings are nothing more than restatements of the

legal arguments presented by the Attorney General's able counsel.

The motions for leave to participate as amici curiae (Docket ## 15 and 16) are DENIED WITHOUT PREJUDICE. The court recognizes that the Unions may bring a unique and valuable perspective to this case, but the filings that they now propose do not do that. If the Unions have concerns that the Attorney General has not addressed or wish to inform the court of broader implications of the pending motion that are not evident, they remain free to seek leave to file appropriate amicus briefs.

Because plaintiffs will not need to respond to the proposed amicus briefs, their motion for leave to file a 40-page opposition brief (Docket # 32) is DENIED. Plaintiffs may, however, file a 25-page opposition brief.

Plaintiffs' motion to extend the time to file their opposition brief to May 15, 2015 (Docket # 31) is ALLOWED. The Attorney General may, at her option, file a 5-page reply brief by May 22, 2015.

|  |  |
|---|---|
| April 30, 2015 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |